CAROLINA GONZÁLEZ COFIÑO, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 1192. Submitted December 9, 1946.—Decided January 21, 1947.

*Andrés Mena* for appellant. The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

Carolina González Cofiño, appellant herein, sought from the Registrar of Property of Caguas, in view of an open will executed by Manuel Suárez, to record in favor of the widow and her daugthers Blanca Rosa and Carolina, the only property which their predecessor had left them and which is described as follows:

"URBAN: One-story wooden house roofed with clay tiles, measuring twenty-one yards (*varas*) in front by sixteen yards in depth situated in San Sebastián Street, now Corchado Street, at Caguas, Puerto Rico, on a lot with an area of twenty-two and one-half yards in front by twenty-seven yards in depth, bounded on the south by Dolores and José Más Gelpí, now Isabel Pérez and Luisa Esteves Solá; on the north by the Ruiz sisters, now Rafael López Cabezudo, and the Polo sisters; on the east by Corchado Street, which it fronts, and on the west by a lot of Salvador Más, now Florentina Jiménez widow of Jiménez Cruz. . . . "

The registrar in his decision, from which this appeal was taken, stated the following:

"The preceding document is hereby recorded, after examining other documents, as to the one-story wooden house roofed with clay tiles, measuring twenty-one yards in front by eleven in depth, in Corchado Street in Caguas, at folio 196, volume 17 of Caguas, prop-

erty 867, seventh entry, with the curable defect of a failure to establish the name of the owner of the lot in which said house is located.''

Appellant prays for the reversal of the curable defect.

The respondent maintains that none of the records of the house in question establishes who the owner of the lot is, and that the lot has never been recorded.

Due to the fact that in her brief appellant copied in part from the first to the sixth entries made of this property, in order to more properly decide the case, we requested the respondent to send a certificate in full of these entries.

The first entry, insofar as pertinent, reads thus:

''1st. URBAN. One-story house built of native wood and roofed with clay tiles, measuring twenty-one yards in front by eleven yards in depth, situated in San Sebastián Street of this city. Bounded on the north by Misses Ruiz, on the south by don Salvador Más y Parés, on the east by the aforesaid street on which the house is entered and on the west, which is the rear of the house, by a lot belonging to don Salvador Más which fronts Alfonso Street. This property is free of liens. It is worth one thousand provincial *pesos*. Don Salvador Más Parés, widower, of age, property owner and resident of this city, applied to the Municipal Court of this city in order to establish the possession which he had of the latter and another property, having obtained it in regard to this property because he had constructed the same thirty years previously during the life of his wife, in whose will the property was adjudicated to him more than twenty years ago in payment of certain property of his own as well as conjugal, without holding any recordable title as to this acquisition. After having admitted the information presented, the owners of the adjacent properties were summoned, but they made no allegation to the contrary, having testified as witnesses Don Miguel Puig Auger and Don Manuel Jiménez Cruz, both of age, property owners and residents of this city, who stated that they knew for certain that don Salvador Más had been in possession, as owner of *the property* under this number, for the time alleged, that is, for more than twenty years. Having sent the record to the municipal prosecuting attorney, the latter held that the proceedings had been according to law and subsequently a writ of approval was issued on December 18 of the past year, by the Acting Municipal Judge of

this city, Don Federico Diez y López, before his secretary, Don Francisco Morales. Wherefore, having examined the registry and there appearing no record contrary to the entry sought, *the possession of the property* under this number was recorded in favor of Don Salvador Más y Parés without prejudice to a third person holding a better title to the property. ...." (Italics ours.)

The following entries, up to the fifth, inclusive, upon describing the property refer to it as the one described in the "first entry" or the "former ones." It is in the sixth entry that for the first time there appears a description different from the document presented, wherein it is stated that the house measures "twenty-one and one-half yards (*varas*) in front by sixteen yards in depth, on a lot twenty-one and one-half yards by twenty-seven yards in depth." Nevertheless, in the record it was established that:

"... Wherefore doña Encarnación Cofiño de González records in her favor this property as to twenty-one and one-half yards in front by eleven yards in depth which she acquires by purchase without any special conditions. *No operation whatsoever was made with respect to the difference in area appearing from the title in the registry, because it was so requested by the vendor don José Más y Gelpí in a notice dated today.* ...." (Italics ours.)

So that insofar as appellant in seeking the registration described the lot as of "twenty-two and one-half yards in front by twenty-seven yards in depth," the same was not recordable inasmuch as, according to the sixth entry of the property, it was recorded as to the area which it had always had as revealed by the registry, that is, "twenty-one and one-half yards in front by eleven yards in depth," no notice being entered as to the difference in area because the vendor himself so requested at that time.

Now, it is true that in the first entry no reference is made to the lot in which the house is located, but we think that according to our decisions in *Chevremont* v. *Registrar of Property,* 9 P.R.R. 186, and *Rivera* v. *Registrar of Property of Caguas,* 26 P.R.R. 679, the record of the house should have

been made as it was originally described without the curable defect set forth by the respondent registrar.

In the *Chevremont* case a house was mortgaged with its lot and the registrar recorded the mortgage on the house but refused of the house it on the lot because "neither in the first record of the house in question, nor in any of the subsequent records was any mention of the lot made, and consequently, the latter was not recorded in favor of the owners of the house, nor in favor of any other person..." Upon reversing this decision we stated at p. 189:

"The Department of Registries of the Colonial Government having held in its decision of May 16, 1896, that when a building is recorded, the lot must be considered as recorded in favor of the same owner, when the latter's is not a mere right to the use of the surface of the land, on the legal presumption that he who is the owner of the building is also the owner of the soil, there is no reason why this doctrine, which has been sanctioned by practice and which has been expressly affirmed by the superior office of registries of property, should not continue to be applied in all cases, provided that the legal presumption on which it is based is not destroyed by sufficient proof to the contrary."

Confirming this doctrine in *Rivera* v. *Registrar of Caguas, supra,* we stated at p. 681:

"... The confusion of the registrar seems to be due to the fact that although the ground continues to be the principal part of town properties, its mention is omitted and reference is always made to the properties as house number so-and-so or such and such a building. The idea of a house or building generally includes the lot on which it is built and without the previous existence of the lot there can be no conception of the house or building."

Lastly, in *Sánchez* v. *Rodríguez,* 57 P.R.R. 71, after citing the *Chevremont* case, *supra,* and the American decisions, we held, copying from the syllabus, that "A conveyance of a house carries with it the title to the land on which it stands, in the absence of some term or clause restrictive of that meaning."

It is of importance to state that the first record of this property was made on January 19, 1900, by virtue of a possessory title proceeding where it was proved that the owner had been in possession thereof for more than twenty years. Notwithstanding the time elapsed, no evidence has ever been presented in the registry establishing that the former owner or the subsequent ones were not the true owners of the lot on which the house was erected.

The cases of *Ramírez de Isern* v. *Registrar of Property of Caguas,* 25 P.R.R. 787, and *Durán et al.* v. *Registrar* 20 P.R.R. 138, cited by the respondent, are not applicable to the facts of the present case, inasmuch as in the former we held that where a lot is recorded in favor of the Municipality of Caguas, a house built on part of said lot is not recordable until that portion is segregated and recorded as an independent title in the name of the municipality in order to later record the usufruct of the same and the house built thereon in favor of the appellant; and in the latter case, that where the lot is not recordable the house erected thereon is not recordable either.

The decision of the registrar, insofar as the curable defect is concerned, must be reversed.